*E-FILED 03-28-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SALLY GARBUTT,<br><br>             Plaintiff,<br><br>   v.<br><br>ADAMARC FINANCIAL COMPANY, INC.; WELLS FARGO BANK, N.A.; WELLS FARGO HOME MORTGAGE, INC.; JOHN KENNERTY; FEDERAL HOME MORTGAGE CORPORATION; and DOES 1-100, inclusive,<br><br>             Defendants.<br>_____/ | No. C10-05338 HRL<br><br>**ORDER CONDITIONALLY GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**<br><br>[Re: Docket No. 26] |

Attorney Stephen Ruehmann moves to withdraw as plaintiff's counsel of record. The matter is deemed suitable for determination without oral argument, and the April 5, 2011 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving papers, the motion will be conditionally granted.

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). "In the Northern District of California, the conduct of counsel is governed by the standards of professional conduct required of members of the State Bar of California, including the Rules of Professional Conduct of the State Bar of California." Hill Design Group v. Wang, No. C04-521 JF (RS), 2006 WL 3591206 at *4 (N.D. Cal., Dec.

11, 2006) (citing Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F. Supp. 1383, 1387 (N.D. Cal.1992)). Those standards provide that an attorney may seek permission to withdraw if, among other things, the client breaches an agreement or obligation to the attorney with respect to payment of expenses or fees, or if the client's conduct renders it unreasonably difficult for the attorney to represent the client effectively. Id. (citing Cal. Rules of Professional Conduct Rule 3-700(C)(1)(d), (f)).

Here, Ruehmann says that plaintiff failed to pay for legal services as agreed. Based upon all the papers filed, Ruehmann will be permitted to withdraw. However, there is no indication in the record that plaintiff was given advance notice of Ruehmann's intent to withdraw, and Ruehmann failed to respond to this court's March 14, 2011 interim order. Moreover, there has been no appearance of substitute counsel nor any indication that plaintiff intends to proceed *pro se*. Accordingly, Ruehmann's motion is granted subject to the condition that papers may continue to be served on him for forwarding purposes unless and until plaintiff appears by other counsel or *pro se*. CIV. L.R. 11-5(b). **Within seven days from the date of this order, Ruehmann shall serve a copy of this order on plaintiff and file a proof of service with the court**.

The hearing on defendants' motions to dismiss the First Amended Complaint (Docket Nos. 23 and 27) are continued to **May 31, 2011, 10:00 a.m.** in Courtroom 2. Plaintiff's opposition to those motions must be filed **no later than May 10, 2011**. Defendants' replies shall be filed by **May 17, 2011**.

The initial case management conference set for June 14, 2011 is **continued to July 12, 2011, 1:30 p.m.** in Courtroom 2.

SO ORDERED.

Dated:   March 28, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

1  5:10-cv-05338-HRL Notice has been electronically mailed to:

2  Edward Rick Buell , III    erb@severson.com, klm@severson.com, kmd@severson.com

3  Jonah Sampson VanZandt    jvz@severson.com, adt@severson.com

4  Peter Joseph Salmon    psalmon@piteduncan.com

5  Stephen Conrad Ruehmann    ruehmannlaw@yahoo.com

6  Thomas Nathaniel Abbott    tabbott@piteduncan.com, mwhaley@piteduncan.com

7  William Lindsay Partridge    wpartridge@piteduncan.com

8  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.