1

2          *E-FILED 07-13-2011*

3

4

5

6

7                    NOT FOR CITATION

8          IN THE UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11  SALLY GARBUTT,                    No. C10-05338 HRL

12          Plaintiff,               **ORDER GRANTING DEFENDANTS'
                                      MOTIONS TO DISMISS WITHOUT**
13      v.                            **LEAVE TO AMEND**

14  ADAMARC FINANCIAL COMPANY, INC.;
    WELLS FARGO BANK, N.A.; WELLS
15  FARGO HOME MORTGAGE, INC.; JOHN  **[Re:  Docket Nos. 23, 27]**
    KENNERTY; FEDERAL HOME MORTGAGE
16  CORPORATION; and DOES 1-100, inclusive,

17          Defendants.

18  _____/

19          On June 29, 2006, plaintiff Sally Garbutt and her husband Carlos Garbutt, obtained an

20  adjustable rate mortgage from defendant Wells Fargo Bank, N.A. (Wells Fargo).[1]  (See First

21  Amended Complaint, Ex. 3).  The Garbutts defaulted on the loan in early 2009, and the property

22  was sold in a non-judicial foreclosure in August 2010 to defendant Federal Home Mortgage

23  Corporation (Freddie Mac).  (Id., ¶ 13, Ex. 8).

24          Several months later, Sally Garbutt filed the instant action in state court for alleged

25  violations of state law in connection with the origination of her home mortgage and the

26  subsequent foreclosure.[2]  Freddie Mac removed the matter here based on the federal jurisdiction

27

28  _____

        [1]      Wells Fargo says that it was erroneously sued as "Wells Fargo Home
    Mortgage, Inc."

        [2]      Carlos Garbutt did not join his wife as a plaintiff to this action.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

provisions of 12 U.S.C. § 1452(f).  Shortly after, Freddie Mac moved to dismiss the complaint, as did defendants Wells Fargo and John Kennerty.  Plaintiff then filed a First Amended Complaint (FAC), essentially adding allegations about jurisdiction and venue.  Notwithstanding that defendants' motions to dismiss identified various issues with respect to the allegations of her original complaint, plaintiff left those allegations unchanged in the FAC.  Freddie Mac then moved to dismiss the FAC.  Wells Fargo and Kennerty did the same.  Both motions are virtually identical to defendants' first round of motions to dismiss.  Plaintiff's counsel subsequently was permitted to withdraw, and Garbutt appeared pro se.  All parties who have appeared have consented to the undersigned's jurisdiction.[3]  28 U.S.C. § 636(c); FED. R. CIV. P. 73.  (See Docket Nos. 15, 16, 18 and 19).

Defendants' respective motions to dismiss have been fully briefed, and both motions were deemed submitted without oral argument.  CIV. L.R. 7-1(b).  Upon consideration of the moving and responding papers, this court grants both motions without leave to amend.

LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint.  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant.  See Balistreri, 901 F.2d at 699.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably

---

[3]    Defendant Adamarc Financial Company, Inc. has not appeared in this action, and there is no indication that it has ever been served with either the original or amended complaints and summons.  Accordingly, this defendant is dismissed for failure to prosecute. Fed. R. Civ. P. 41(b).  A court has inherent power to dismiss an action *sua sponte* for failure to prosecute.  Link v. Wabash Railroad Co., 370 U.S. 626, 630-32, 82 S. Ct. 1386 (1962). Additionally, unserved defendants are not deemed to be "parties" to the action within the rules requiring consent to magistrate judge jurisdiction.  See Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995); see also Merino v. Saxon Mortgage, Inc., No. C10-05584, 2011 WL 794988 at *1, n.1 (N.D. Cal., Mar. 1, 2011) (Laporte, J.) (same).

be drawn from the facts alleged." <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994).  Documents which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim for relief.  <u>See MGIC Indem. Corp. v. Weisman</u>, 803 F.2d 500, 504 (9th Cir. 1986).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted).  <u>See also Iqbal</u>, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").  However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a motion to dismiss.  <u>Bell Atlantic Corp.</u>, 550 U.S. at 570.  Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." <u>Id.</u>

While leave to amend generally is granted liberally, the court has discretion to dismiss a claim without leave to amend if amendment would be futile.  <u>Rivera v. BAC Home Loans Servicing, L.P.</u>, 756 F. Supp.2d 1193, 1997 (N.D. Cal. 2010) (citing <u>Dumas v. Kipp</u>, 90 F.3d 386, 393 (9th Cir. 1996)).

DISCUSSION

A.    <u>Freddie Mac's Motion to Dismiss</u>

Plaintiff asserts a sole claim for quiet title against Freddie Mac.  She alleges that Wells Fargo failed to comply with California Civil Code § 2923.5[4] and that the foreclosure sale to Freddie Mac therefore is invalid.  (FAC ¶¶ 65-69).  "It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."  <u>Arnolds Mgmt. Corp. v.</u>

_____

[4]    In essence, California Civil Code section 2923.5 provides that a lender cannot file a notice of default until the lender has contacted the borrower in person or by phone to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.  CAL. CIV. CODE § 2923.5(a)(2); <u>Mabry v. Super. Ct.</u>, 185 Cal. App.4th 208, 221, 110 Cal. Rptr.3d 201 (2010).

3

United States District Court

For the Northern District of California

1    <u>Eischen</u>, 158 Cal. App.3d 575, 578, 205 Cal. Rptr. 15 (1984).  Freddie Mac argues that

2    allegations as to plaintiff's present ability to tender (FAC ¶ 68) are insufficient because "[a]

3    tender is an offer of performance made with the intent to extinguish the obligation."  <u>Id.</u> at 580.

4    Even assuming that the allegation of an ability to tender is sufficient, in order to state a quiet

5    title claim, a plaintiff must have legal title to the subject property.  <u>Lewis v. Super. Ct.</u>, 30 Cal.

6    App.4th 1850, 1866, 37 Cal. Rptr.2d 63 (1994).  Although Garbutt alleges that she is an owner

7    of the subject property, the FAC and appended exhibits show that is not the case.  As discussed

8    above, the foreclosure sale in question was completed several months before the instant action

9    was filed.  (FAC ¶ 25 & Ex. 8)  <u>See, e.g.,</u> <u>Adame v. Fed. Home Loan Mortgage Corp.,</u> No. CV-

10   11-8054, 2011 WL 2435016 * 2 (D. Ariz., June 16, 2011) (Martone, J.) ("Even if plaintiff had

11   intended to assert a quiet title claim against Freddie Mac, it would fail because the trustee's sale

12   has already occurred."); <u>Sanchez v. Mortgageit, Inc.,</u> No. C10-4146, 2011 WL 588178 *1 (N.D.

13   Cal., Feb. 10, 2011) (Hamilton, J.) (dismissing plaintiff's quiet title claim where the foreclosure

14   proceedings in question were completed before plaintiff filed suit).  Moreover, "under the plain

15   language of [California Civil Code] section 2923.5, read in conjunction with section 2924g, the

16   *only* remedy provided is a postponement of the sale before it happens."  <u>Mabry</u>, 185 Cal.

17   App.4th at 221, 110 Cal. Rptr.3d 201; <u>Chourp v. Ocwen Loan Servicing, LLC,</u> No 11cv0159,

18   2011 WL 1559796 * 2 (S.D. Cal., Apr. 22, 2011) (Gonzalez, C.J.) ("In this case, because a

19   foreclosure sale has already occurred, there is no remedy for the alleged § 2923.5 violation.").

20   "There is nothing in section 2923.5 that even hints that noncompliance with the statute would

21   cause any cloud on title after an otherwise properly conducted foreclosure sale."  <u>Mabry</u>, 185

22   Cal. App.4th at 221, 110 Cal. Rptr.3d 201.

23          Accordingly, Freddie Mac's motion to dismiss is granted, and plaintiff's quiet title claim

24   is dismissed with prejudice.

25

26

27

28

4

**United States District Court**
For the Northern District of California

1    B.       Wells Fargo's and Kennerty's Motion to Dismiss

2            1.       Wrongful Foreclosure (Fraud)

3            Plaintiff alleges that the subject foreclosure was unlawful because defendant Kennerty, a

4    Wells Fargo employee, lied when he stated in a declaration that Wells Fargo complied with

5    California Civil Code section 2923.5.  (FAC ¶¶ 28-37 and Ex. 5).

6            Inasmuch as this claim is grounded in alleged fraud, it is unclear whether plaintiff seeks

7    to recover from defendants directly for the claimed violation of California Civil Code section

8    2923.5.  Even if she does seek such relief, the FAC fails to state a claim.  As noted above, the

9    only remedy for a violation of section 2923.5 is postponement of the foreclosure sale before it

10   happens.  Mabry, 185 Cal. App.4th at 235, 110 Cal. Rptr.3d 201.

11           The FAC also fails to state a viable claim for fraud.  To state a claim for fraud under

12   California law, a plaintiff must allege:   (1) a misrepresentation (false representation,

13   concealment, or non-disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud

14   (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.  Lazar v. Super. Ct.,

15   12 Cal.4th 631, 638, 49 Cal. Rptr.2d 377, 909 P.2d 981 (1996).  Moreover, a "party must state

16   with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  To

17   survive a motion to dismiss, "'allegations of fraud must be specific enough to give defendants

18   notice of the particular misconduct which is alleged to constitute the fraud charged so that they

19   can defend against the charge and not just deny that they have done anything wrong.'"  Swartz

20   v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Bly-Magee v. California, 236 F.3d

21   1014, 1019 (9th Cir. 2001)).

22           Here, the FAC does not allege sufficient facts to support plaintiff's theory that Kennerty

23   knowingly made a false statement with the intent to induce plaintiff's reliance on any such

24   statement.  The FAC merely says that Kennerty signed the declaration of compliance without

25   conducting a personal investigation himself, relying instead on co-workers to confirm the

26   accuracy of certain documentation.  There are no facts alleged suggesting that Kennerty knew

27   his declaration of compliance was false or that he even had reason to doubt its truth.  Nor does

28   the FAC sufficiently plead that plaintiff relied on Kennerty's declaration to her detriment.

United States District Court

For the Northern District of California

1   Indeed, the FAC suggests that the alleged falsity of Kennerty's declaration was readily apparent

2   to plaintiff because she says that no one from Wells Fargo contacted her as required by section

3   2923.5.  Further, the allegations of the FAC indicate that the foreclosure sale was the result of

4   plaintiff's default on the loan and not on any purported reliance on Kennerty's declaration.

5          Accordingly, this claim will be dismissed.  As noted above, plaintiff has already had an

6   opportunity to amend, but left this claim unchanged in the FAC.  She also failed to address this

7   issue in her opposition, except to say that she believes "that she should be given the opportunity

8   to further amend her complaint to at least fully allege the involvement of the moving parties, as

9   appropriate, in the FRAUD alleged in the first amended complaint."  (Docket No. 33).  Plaintiff

10  has not identified any facts or claims that she could plead in another amended complaint to

11  overcome the noted fatal defects.  On this record, an opportunity for further amendment would

12  be futile, and dismissal is without leave to amend.

13          2.    Aiding and Abetting

14          Plaintiff claims that defendant broker Adamarc Financial Company, Inc. (Adamarc)

15  breached its fiduciary duty to her by "engag[ing] in self-dealing" and failing to disclose certain

16  information about the loan.  (FAC ¶¶ 40, 42).  She further alleges that Wells Fargo "aided and

17  abetted" Adamarc's claimed breach of fiduciary duty.  "In California, a party 'aids and abets the

18  commission of an intentional tort if the person (a) knows the other's conduct constitutes a

19  breach of duty and gives substantial assistance or encouragement to the other to so act or (b)

20  gives substantial assistance to the other in accomplishing a tortious result and the person's own

21  conduct, separately considered, constitutes a breach of duty to the third person.'"  Davenport v.

22  Litton Loan Servicing, LP, 725 F. Supp.2d 862, 882 (N.D. Cal. 2010) (quoting Berryman v.

23  Merit Property Mgmt., Inc., 152 Cal.App.4th 1544, 1559, 62 Cal.Rptr.3d 177 (2009)).  "By

24  contrast, '[m]ere knowledge that a tort is being committed and the failure to prevent it does not

25  constitute aiding and abetting.'"  Id. (quoting Austin B. v. Escondido Union School Dist., 149

26  Cal.App.4th 860, 879, 57 Cal.Rptr.3d 454 (2007)).

27          Here, plaintiff alleges that Wells Fargo paid Adamarc "an excessive bonus of $1,238.76

28  for securing the subject loan" and also "funded and benefitted from" the loan.  (FAC ¶ 47).  But,

United States District Court
For the Northern District of California

1  plaintiff has presented no facts to support her theory that Wells Fargo knew about Adamarc's

2  acts or substantially assisted or encouraged Adamarc to so act.  The FAC merely states a legal

3  conclusion.  Accordingly, this claim is also dismissed.  As discussed above, plaintiff has already

4  had an opportunity to amend, but left this claim unchanged in the FAC.  And, she did not

5  address this claim in her opposition.  On this record, an opportunity for further amendment

6  would be futile, and dismissal is without leave to amend.

7         3.    <u>California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200</u>

8         California's Unfair Competition Law (UCL) prohibits "any unlawful, unfair or

9  fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

10  CAL. BUS. & PROF. CODE § 17200.  "'Violation of almost any federal, state, or local law may

11  serve as the basis for a[n] unfair competition claim.'"  <u>Brewer v. Indymac Bank</u>, 609 F. Supp.2d

12  1104, 1122 (E.D. Cal. 2009) (quoting <u>Plascencia v. Lending 1st Mortgage</u>, 583 F. Supp.2d

13  1090, 1098 (N.D. Cal. 2008)).  "A complaint based on an unfair business practice may be

14  predicated on a single act; the statute does not require a pattern of unlawful conduct."  <u>Id.</u>

15         Plaintiff's claim is deficient.  For the reasons discussed above, plaintiff has not, despite a

16  prior opportunity to amend, sufficiently pled an underlying claim as to the purported unlawful

17  business practices.  Her UCL claim therefore also fails and is dismissed.

18                          ORDER

19         Based on the foregoing, IT IS ORDERED THAT:

20         1.    Defendant Freddie Mac's motion to dismiss is granted without leave to amend.

21         2.    Defendants Wells Fargo's and Kennerty's motion to dismiss is granted without

22  leave to amend.

23         3.    Defendant Adamarc Financial Company, Inc. is dismissed for failure to

24  prosecute.

25         4.    The clerk shall enter judgment and close the file.

26  Dated:   July 13, 2011

27

28                             _____
                         HOWARD R. LLOYD
                         UNITED STATES MAGISTRATE JUDGE

1   5:10-cv-05338-HRL Notice has been electronically mailed to:

2   Edward Rick Buell , III      erb@severson.com, klm@severson.com, kmd@severson.com

3   Jonah Sampson VanZandt     jvz@severson.com, adt@severson.com

4   Peter Joseph Salmon      psalmon@piteduncan.com

5   Stephen Conrad Ruehmann      ruehmannlaw@yahoo.com

6   Thomas Nathaniel Abbott      tabbott@piteduncan.com, mwhaley@piteduncan.com

7   William Lindsay Partridge      wpartridge@piteduncan.com

8   Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

9

10   5:10-cv-05338-HRL Notice mailed to:

11   Sally Garbutt
1117A Reed Avenue
12   Sunnyvale, CA 94086

13            Pro Se Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

8